provision: " *Twelfth.* It is expressly agreed and understood by and between the parties to this agreement, that the landlord shall not be liable for any damage or injury by water, which may be sustained by the said tenant or other person, or for any other damage or injury resulting from the carelessness, negligence or improper conduct on the part of any other tenant or agents, or employees, or by reason of the breakage, leakage, or obstruction of the Croton Water or soil pipes, or other leakage in or about the said buildings."

*Samuel I. Frankenstein* for appellant.
*Carlisle Norwood* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.   Not voting: HISCOCK, Ch. J.

---

PETER KEELER BUILDING COMPANY, Appellant, *v.* E. H. TITCHENER AND COMPANY, Respondent.

*Negligence — contract — action to recover from subcontractor amount paid by contractor in settlement of judgment recovered against it by employee of subcontractor for injuries received by him while engaged in the work.*

*Keeler Building Co.* v. *Titchener & Co.,* 190 App. Div. 135, affirmed.
(Argued October 26, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 10, 1920, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. Plaintiff, which had a contract to erect a building for the state, entered into a subcontract with the defendant whereby the latter agreed to furnish and erect certain wire guards under skylights, the plaintiff to furnish and erect the necessary scaffolding. While one of defendant's employees was engaged in erecting the guards and for that purpose had gone upon the scaffold erected by the plaintiff, the scaffold collapsed and he was precipitated to the floor receiving injuries for which he subsequently recovered damages against

the plaintiff, which, in this, action, seeks to recover the amount paid in settlement thereof and the expenses of defense of the action from the defendant.

*Robert H. McCormic* for appellant.

*Cortland Wilber* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

JANE CASSIDY, as Administratrix of the Estate·of PATRICK J. CASSIDY, Deceased, Appellant, *v.* FONDA, JOHNSTOWN AND GLOVERSVILLE RAILROAD COMPANY, Respondent.

*Negligence — railroads — automobile truck struck by railway car at crossing — when driver of truck guilty of contributory negligence as matter of law.*

*Cassidy* v. *Fonda, Johnstown & Gloversville R. R. Co.*, 202 App. Div. 768, affirmed.

(Argued October 27, 1922; decided November 21, 1922.)

APPEAL from a judgment, entered June 7, 1922, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The complaint alleged that defendant operated an electric railway from Amsterdam to Fonda; that at Fort Johnson on April 1, 1921, plaintiff's intestate was lawfully driving an automobile truck northerly over a public crossing on defendant's line between its Fort Johnson station and an overhead crossing from a place where merchants have been accustomed to unload their freight from the New York Central tracks; that by reason of defendant's negligence the truck which plaintiff's intestate was driving was struck by defendant's east-bound trolley car which was running at an excessive rate of speed without giving any warning of its approach, inflicting injuries upon plaintiff's intestate from which he died. The Appellate